**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

XIAMEN HENGSHENGCHANG IMPORT & EXPORT CO., LTD.,

*Plaintiff*,

v.

SUMMIT RIDGE TRADING LLC,

*Defendant*.

**Case No. 2:26-cv-04493**

**COMPLAINT FOR DECLARATORY JUDGMENT, CANCELLATION OF TRADEMARK REGISTRATION, AND TORTIOUS INTERFERENCE**

**Jury Trial Demand**

Plaintiff Xiamen Hengshengchang Import & Export Co., Ltd. ("Hengshengchang") brings this action against Defendant Summit Ridge Trading LLC ("Summit") and alleges as follows.

## NATURE OF THE ACTION

1. Andre Walker ("Walker") applied to register PNAEONG by submitting a product listing operated by Plaintiff Hengshengchang through its Amoy-baby Amazon storefront as purported evidence of his own use of the mark. Walker subsequently assigned the application to Defendant Summit, which used the

resulting U.S. Trademark Registration No. 8,325,120 (the "'120 Registration") to accuse Hengshengchang of trademark infringement.

2. Neither Walker nor Summit owns the prior trademark rights in PNAEONG held by Zhang Li ("Zhang"), who authorized Hengshengchang to use the mark. On information and belief, Walker knew that the submitted specimen reflected Hengshengchang's commercial use rather than his own. Summit's subsequent enforcement of the '120 Registration against Hengshengchang threatens its legitimate Amazon business.

3. Hengshengchang seeks a declaration of non-infringement, cancellation of the '120 Registration, and an order requiring Summit to withdraw its Amazon complaint.

## PARTIES

4. Hengshengchang is a limited liability company organized under the laws of China, with its principal place of business in Xiamen, Fujian Province, China. It operates the Amoy-baby storefront on Amazon.com. Zhang Li, the former registrant of U.S. Trademark Registration No. 5,622,050 for PNAEONG, is Hengshengchang's legal representative and a shareholder. Hengshengchang uses the PNAEONG mark with Zhang's authorization.

5. According to USPTO records, Summit is a New Mexico limited liability company with an address at 1209 Mountain Road Pl NE #11039, Albuquerque, New Mexico 87110. It is the record owner of the '120 Registration.

## JURISDICTION AND VENUE



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

6. The Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 over the actual controversy concerning infringement under federal trademark law. The Court may grant declaratory relief under 28 U.S.C. §§ 2201–2202 and determine the right to registration under 15 U.S.C. § 1119. The Court has jurisdiction over the related unfair-competition claim under 28 U.S.C. § 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

7. Amazon.com, Inc. maintains its principal corporate offices in Seattle, Washington. On information and belief, Summit or its agent submitted an infringement complaint through Amazon's platform seeking removal of Hengshengchang's listings. The resulting notice identifies 410 Terry Avenue North, Seattle, Washington, as Amazon's address. Ex. E. Summit directed its enforcement activity through Amazon to induce removal of the Listings. Hengshengchang's claims arise from that activity. The Court has specific personal jurisdiction over Summit for this action.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (c)(2) because Summit is subject to personal jurisdiction in this District with respect to this action.

## THE FACTUAL BACKGROUND

9. Hengshengchang sells PNAEONG apparel through its Amoy-baby Amazon store with the authorization of the mark's rightful owner.

10. Amazon Seller Central records reflect sales of PNAEONG-branded sleepwear through the Amoy-baby storefront in April 2023, including orders placed



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

on April 16, April 20, and April 26, 2023. These transactions predate Walker's claimed first-use date of May 10, 2023, and his December 12, 2025 application. Ex. G.

11. On December 4, 2018, the USPTO registered PNAEONG on the Principal Register as U.S. Trademark Registration No. 5,622,050 (the "'050 Registration") for goods in Class 25, including pajamas, trousers, and yoga pants. On January 29, 2019, the original registrant assigned the mark and its associated goodwill to Zhang Li. The USPTO recorded the assignment on February 15, 2019. The '050 Registration was cancelled on June 20, 2025, solely because an acceptable declaration under Section 8 of the Lanham Act was not filed. Ex. A.

12. The cancellation of the '050 Registration did not constitute a determination that the PNAEONG mark had been abandoned. Zhang and his authorized users continued using PNAEONG in U.S. commerce, including through the Amoy-baby storefront. Zhang's rights in the mark therefore predate Walker's application.

13. On December 12, 2025, U.S. Application Serial No. 99/545,943 was filed in Walker's name to register PNAEONG for "Pajamas" in Class 25. Ex. B.

14. Walker's application was filed under Section 1(a) of the Lanham Act, which requires the applicant to own the mark and to have used it in commerce as of the filing date. The application claimed first use in commerce at least as early as May 10, 2023. The specimen identifies Amoy-baby as the seller. The same Amazon listing continues to identify Amoy-baby as the seller, and Amazon's publicly available seller information identifies Hengshengchang as the business operating that storefront. Ex.





GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

H.

15. Neither Zhang nor Plaintiff has assigned or licensed the PNAEONG mark to Walker or Summit, and neither authorized Walker to rely on Plaintiff's commercial use as his own.

16. The page offers a "PNAEONG 3 Pack Women's Cotton Nightgown," invites shoppers to "Visit the PNAEONG Store," and states: "Sold by: Amoy-baby." It shows more than 3,600 customer ratings and "500+ bought in past month."

17. The application included a declaration stating that the signatory "believes that the applicant is the owner of the trademark/service mark sought to be registered," that the mark "is in use in commerce," and that the specimen "shows the mark as used on or in connection with the goods/services in the application." Ex. B.

18. Those representations of ownership and use were false. On information and belief, Walker did not own the mark or use it in commerce on the identified goods when he applied.

19. Walker knew the statements were false. The page submitted as proof of Walker's use names another seller on its face. On information and belief, Walker supplied the specimen and the claims of ownership and use with the intent to deceive the USPTO into issuing a registration.

20. On June 11, 2026, the attorney who signed the original application filed a Withdrawal of Attorney with the USPTO. In that filing, counsel stated that facts and circumstances had come to light after the application was filed and expressly retracted and disavowed the verification and electronic signature appearing on the



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

original declaration. Counsel further stated that she could no longer attest to the accuracy or veracity of the application's statements, factual assertions, or specimens. Ex. F.

21. The ownership and use representations were material to Walker's eligibility to obtain registration under Section 1(a). The USPTO examined the application and issued the '120 Registration on June 30, 2026, based on the submitted application record.

22. On June 20, 2026, Walker assigned the pending application to Summit. At that time, the publicly available USPTO application file included the original attorney's Withdrawal of Attorney and the Amazon specimen identifying Amoy-baby as the seller. Exs. B, C, F.

23. USPTO records for the '120 Registration and Summit's separate MUBAREK application list the same three correspondence addresses: greg@sach-associates.com, tony@youiphub.com, and filing@youiphub.com. In a separate opposition, a third party alleges that Summit used that party's Amazon listing as its specimen for MUBAREK. Notice of Opposition, TTAB Opp. No. 91310405, ¶ 11. The allegation has not been adjudicated. Ex. D.

24. On November 15, 2026, Amazon notified Hengshengchang that Summit had submitted trademark infringement complaint No. 23057656151 asserting the '120 Registration against 24 distinct ASINs for PNAEONG women's lounge pants (the "Listings"). Amazon identified the Listings as being at risk of deactivation. Ex. E.





GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

25. The complaint states: "Unauthorized incorporation of our client's registered trademark in the product title is likely to cause confusion as to the source of the goods and constitutes trademark infringement. We hereby demand the immediate removal of this infringing product and reserve all rights to pursue any further legal action as necessary."

26. The accusation that Hengshengchang's use was unauthorized was false because Hengshengchang sold PNAEONG goods with the owner's authorization. On information and belief, Summit knew that when it complained to Amazon.

27. Following Summit's infringement complaint, Amazon deactivated certain of Hengshengchang's PNAEONG product listings identified in Complaint No. 23057656151. Those listings were unavailable for purchase through Hengshengchang's Amoy-baby storefront as of the filing of this Complaint, resulting in lost sales and disruption of Hengshengchang's ongoing business operations.

**COUNT I**
**(Unfair Competition and Tortious Interference)**

28. Hengshengchang incorporates the preceding paragraphs and brings this claim against Summit under Washington common law.

29. Hengshengchang sells through the Amoy-baby storefront under an agreement with Amazon and has a reasonable expectation of continued sales through the Listings.



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

30. On information and belief, Summit knew the registration was fraudulently obtained and caused the infringement complaint to be submitted to Amazon to induce removal of Hengshengchang's Listings.

31. Summit acted for an improper purpose or by improper means, including the knowing assertion of a fraudulently procured registration.

32. As a direct result of Summit's infringement complaint, Amazon deactivated certain of Hengshengchang's Listings, preventing Hengshengchang from offering or selling the affected products through Amazon. The deactivations disrupted Hengshengchang's existing business relationship with Amazon and its reasonable expectancy of continued sales, causing lost sales, lost profits, and other economic harm.

**COUNT II**
**(Declaratory Judgment of Non-Infringement and Invalidity)**

33. Hengshengchang incorporates the preceding paragraphs and brings this count against Summit under 28 U.S.C. §§ 2201 and 2202.

34. Summit has accused Hengshengchang of infringing the '120 Registration, demanded removal of the accused products, and reserved the right to pursue further legal action. An actual controversy exists.

35. Hengshengchang's use of PNAEONG is authorized by Zhang, whose rights in the mark predate Walker's application and Summit's acquisition of the disputed registration. Hengshengchang therefore seeks a declaration that its authorized use of PNAEONG does not infringe any trademark rights asserted by





GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

Summit under the ’120 Registration. Hengshengchang further seeks a declaration that the ’120 Registration is invalid for the reasons alleged below, including Walker’s lack of ownership and qualifying use in commerce when he filed the underlying application.

**COUNT III**
**(Cancellation of U.S. Trademark Registration No. 8,325,120 Under 15 U.S.C. § 1119)**

36. Hengshengchang incorporates the preceding paragraphs and requests cancellation of the ‘120 Registration under 15 U.S.C. § 1119 as relief ancillary to the actual controversy concerning the parties’ rights in the registered PNAEONG mark.

37. Summit has asserted the ‘120 Registration against Hengshengchang. The registration issued less than five years ago and should be cancelled on each of the following grounds.

38. First, the ‘120 Registration is void because Walker was not the owner of PNAEONG when he filed the underlying Section 1(a) application. The mark belonged to Zhang, and neither Zhang nor Hengshengchang transferred ownership or otherwise authorized Walker to apply for registration in his own name. 15 U.S.C. § 1051(a)(1).

39. Second, the ‘120 Registration is void because Walker did not have qualifying use of PNAEONG in commerce in connection with the identified goods when he filed the Section 1(a) application on December 12, 2025. The specimen





GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

submitted in support of the application depicted Hengshengchang's use, not use attributable to Walker. 15 U.S.C. § 1051(a)(1).

40. Third, the '120 Registration was procured through materially false representations concerning ownership and use in commerce. On information and belief, Walker knew those representations were false and caused or authorized their submission with the specific intent to deceive the USPTO. The circumstances supporting that inference include the submission of Hengshengchang's Amazon listing as the specimen, Walker's lack of ownership or authorization, and the original attorney's subsequent disavowal of the application declaration and specimen. 15 U.S.C. § 1064(3).

41. Fourth, the '120 Registration is subject to cancellation under 15 U.S.C. § 1052(d) because Zhang's prior rights in the identical PNAEONG mark predate Walker's application. The marks are identical, and the goods identified in the '120 Registration overlap with or are closely related to the apparel sold under Zhang's mark. Summit's registration is likely to cause confusion concerning the source, sponsorship, or affiliation of the goods.

**PRAYER FOR RELIEF**

Hengshengchang requests that the Court:

A. declare that Hengshengchang's use of PNAEONG does not infringe any right of Summit and that the '120 Registration is invalid and unenforceable;



GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

B. order the ‘120 Registration cancelled and certify the order to the Director of the USPTO under 15 U.S.C. § 1119;

C. order Summit to withdraw Amazon complaint No. 23057656151 and enjoin Summit, preliminarily and permanently, from asserting the ‘120 Registration against Hengshengchang;

D. award costs and, to the extent permitted by law, attorney’s fees; and

E. grant such other relief as the Court deems just.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: November 17, 2026

By: /s/ *Ruoting Men*

Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiff***